UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MG WATERLEAF APARTMENTS SHL, LLC,<br><br>          Plaintiff,<br><br>v.<br><br>JAMES BROWER,<br><br>          Defendant. | Case No.: 19-cv-1627-AJB-LL<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING THE CASE BACK TO SAN DIEGO SUPERIOR COURT;**<br><br>**(2) DENYING DEFENDANT'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**(3) DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER SHORTENING TIME ON MOTION TO REMAND** |

   Defendant James Brower removed his unlawful detainer case to federal court. (Doc. No. 1.) Although no motion to remand has been filed, the Court has a continuous duty to evaluate its jurisdiction over cases. Fed. R. Civ. P. 12(g)(3). Thus, for the reasons herein, the Court **REMANDS** this action back to San Diego Superior Court and **DENIES** Defendant's motion for leave to proceed in forma pauperis as moot and **DENIES** Plaintiff's

1

ex parte application for an order shortening time on motion to remand.[1]

## I. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Although Plaintiff has not moved the Court to remand, "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

Defendants' Notice of Removal asserted this Court had jurisdiction under 28 U.S.C. § 1331. The federal statute cited raises federal question jurisdiction. For the reasons explained below, the Court does not have federal question jurisdiction nor diversity jurisdiction over this action.

Here, Defendant's current Notice of Removal is brought under 28 U.S.C. § 1331

---

[1] The Court notes that while Plaintiff filed an ex parte application for an order shortening time on motion to remand, Plaintiff never actually filed a motion to remand the action.

alleging that there is federal question jurisdiction under the Protecting Tenants at Foreclosure Act. However, the subject matter of the complaint is a residential lease not a foreclosure action. Accordingly, the Protecting Tenants at Foreclosure Act is inapplicable to the instant litigation. Furthermore, diversity jurisdiction cannot be established as there is no diversity of citizenship amongst the parties and the amount in controversy is less than $75,000.

As the Court does not have subject matter jurisdiction, Defendant's motion to proceed in forma pauperis is moot as well as Plaintiff's ex parte application for an order shortening time on motion to remand.

## II. CONCLUSION

Because Defendant cannot establish federal jurisdiction, removal was improper. The Court **REMANDS** the case back to San Diego Superior Court for lack of subject matter jurisdiction, **DENIES** Defendant's motion to proceed in forma pauperis as moot and **DENIES** Plaintiff's ex parte application for an order shortening time on motion to remand as moot. The Court Clerk is ordered to then close the case.

**IT IS SO ORDERED.**

Dated: October 4, 2019

Hon. Anthony J. Battaglia
United States District Judge